# Exhibit A

Filed
D.C. Superior Court
04/26/2021 16:42PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| STANLEY C. FORD, SR.<br>5819 Old Crain Highway<br>Upper Marlboro, MD 20772<br><br>   Plaintiff<br> v.<br><br>CAPITAL ONE, N.A.<br>1600 Capital One Drive<br>McLean, VA 22101<br><br>   Defendant | Civil Action No. _____ |

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW Plaintiff, Stanley C. Ford, Sr. ("Ford"), by and through counsel, and hereby files this Complaint against Defendant Capital One, N.A., due to its role in the processing of a wire transfer intercepted by third party criminals, resulting in a loss of approximately $225,939.30 or more to Plaintiff.

**PARTIES**

1. Plaintiff is an individual who resides in Prince George's County, Maryland, and retail customer of Defendant Capitol One, N.A.

2. Defendant Capital One, N.A. (hereinafter "Capitol One") is a national banking association, incorporated in Virginia, with its principal place of business located at 1680 Capital One Drive, McLean, VA 22102.

3. Capitol One does business in the District of Columbia and operates numerous bank branches including its 18th & M Branch, located at 1800 M Street, NW, Washington, D.C. 20036.

4. All actions and/or omissions of Capitol One employees and agents, actual, apparent or otherwise, as described herein were performed within the scope of their duties as employees and agents of Capitol One. Capitol One is vicariously liable for the acts and/or omissions of its employees and agents, actual, apparent, or otherwise.

## JURISDICTION & VENUE

5. Jurisdiction is vested in this Court pursuant to D.C. Code § 11-921.

6. This Court may exercise personal jurisdiction over Defendant pursuant to D.C. Code § 13-423 as Capitol One: (1) transacts business in the District of Columbia; and/or (2) has committed a tortious injury in the District of Columbia by an act or omission in the District of Columbia; and/or (3) has an interest in, use of, or possesses real property in the District of Columbia.

7. Venue is proper in this Court because the acts complained of herein occurred in the District of Columbia.

## STATEMENT OF FACTS

8. On April 10, 2018, Ford executed a contract to purchase the property at 5819 Old Crain Highway, Upper Marlboro, MD 20772 ("Property") from its seller, a transaction facilitated by Ford's buyer broker, Mark Ritter, a real estate agent of Re/Max Preferred in Baltimore, MD.

9. On April 11, 2018, Avenue Commercial Title Company, Inc. ("Avenue Settlements"), a District of Columbia corporation, was engaged as the title and escrow company for the transfer of ownership of the Property to Ford.

10. From April 11, 2018 onward, Mark Ritter and Avenue Settlements exchanged emails related to Ford's planned acquisition of the Property.

11. Sometime between April 11, 2018 and April 18, 2018, an unknown person or persons intercepted the emails between Ritter and Avenue Settlements.

12. On April 18, 2018, a fraudulent email was sent to Ritter, purportedly by an agent at Avenue Settlements, with fraudulent wire instructions ("Fraudulent Wire Instructions") for Ford to use for the closing on the Property. Ritter forwarded these instructions to Ford.

13. The Fraudulent Wire Instructions indicated that Ford's wire(s) for acquiring the Property should be sent to an account for Avenue Settlements at United Bank, 1001 Wisconsin Ave., NW, Washington, DC 20007.

14. On April 23, 2018, Ford physically went to Capitol One's 18th & M Branch to wire funds for the Property to Avenue Settlements' account at United Bank. While at Capitol One's 18th & M Branch, Ford met with Mr. Reynaldo Garay ("Garay"), a Capitol One Relationship Banker, and provided Garay a printed copy of the Fraudulent Wire Instructions that had been emailed to him.

15. Mr. Ford later learned that although the Fraudulent Wire Instructions indicated that the wire was to be sent to an account at United Bank in Washington, D.C., the ABA routing number listed did not correspond to United Bank in Washington D.C. Instead, the ABA number listed, 267-090-594, was for BankUnited, National Association, located not in Washington, D.C., but rather in Miami Lakes, FL. BankUnited has no branches in Washington, D.C., which should have been a red flag to Garay and/or the wiring department of Capitol One.

16. Garay did not point out the ABA mismatch to Ford, nor did he mention the difference in bank names and addresses, nor he did not take reasonable steps to verify the accuracy of the wiring instructions. Rather, Garay simply used the incorrect ABA number and prepared the wire to be sent to the account listed at BankUnited in Miami Lakes, FL (the "hacker's account").

17. Capitol One subsequently wired the settlement funds of $225,939.30 from Plaintiff's account to the hacker's account at BankUnited (hereafter the "Fraudulent Transfer")

18. The Fraudulent Transfer was facilitated by Capitol One's negligent, reckless, and/or intentional failure to maintain and/or exercise adequate security and monitoring procedures of Plaintiff's account and by Capitol One's negligent, reckless, and/or intentional failure to abide by its contractual, statutory, common law, and/or fiduciary obligations to Plaintiff.

19. Upon Capitol One's receipt of the Fraudulent Wire Instructions, Capitol One failed to abide by its own policies and procedures, or to adopt and implement commercially reasonable and commercially accepted security procedures to alert Plaintiff about the Fraudulent Transfer

20. Capitol One knew or should have known that the Fraudulent Wire Instructions were suspicious, fraudulent, forged, and/or wrongful and did not conform to Capitol One's policies, regulations, and rules, and commercially reasonable or commercially accepted procedures for the banking industry.

21. On April 25, 2018, Ford learned, for the first time, from Avenue Settlements, that Ford had been sent Fraudulent Wire Instructions from a hacked email account and that they were incorrect.

22. On April 26, 2018, Ford reported the wire fraud to the FBI and received a confirmation from the Washington Field Office of the FBI.

23. On April 26, 2018, Ford informed Capitol One of the wire fraud and visited the bank branch in person, meeting with Garay, who told Ford that he could still see the wire electronically on his computer screen and would investigate its return.

24. Subsequently, Capitol One failed to conduct a timely and reasonable investigation into the Fraudulent Transfer and has failed to reimburse Plaintiff for the Fraudulent Transfer.

4

25. Ford has not recovered any of the $225,939.30 that he wired.

## COUNT I

## NEGLIGENCE / GROSS NEGLIGENCE

26. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Capitol One owed a duty to Plaintiff to use reasonable care in obtaining, reading, analyzing, verifying and using the wiring instructions and in wiring money from Plaintiffs' Account for purchase of the Property.

28. As the party with superior knowledge and in a position to verify bank ABA numbers and addresses, Capitol One was careless, negligent and/or grossly negligent in several material respects including but not limited to:

   a. failing to verify and determine that the ABA number and the named bank address for the escrow account do not match in the Fraudulent Wire Instructions;

   b. failing to observe that the Fraudulent Wire Instructions were fabricated and/or materially incorrect;

   c. failing to abide by its own policies and procedures,

   d. failing to abide by its own policies and procedures, or to adopt and implement commercially reasonable and commercially accepted security procedures prior to Capitol One facilitating the Fraudulent Transfer

   e. failing to implement commercially reasonable and commercially accepted security procedures to alert the Plaintiff about the Fraudulent Transfer; and

   f. wiring Plaintiff's funds to unknown person(s) for purchase of the Property without Plaintiff's full knowledge and consent.

5

28. As a direct and proximate result of Capitol One's negligence and gross negligence, Plaintiff sustained damages in excess of $200,000.00.

29. WHEREFORE, Plaintiff prays for Judgment on Count I in the amount of $224,939.30; for prejudgment interest on the funds fraudulently transferred as a result of Capitol One's negligence and/or gross negligence; for his costs, expenses and attorneys' fees in bringing this action; for punitive damages; and for such other relief as they may be entitled to by law or as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff Stanley C. Ford, Sr. respectfully requests judgment against Defendant Capital One for the amount of $225,939.30 in compensatory damages, plus punitive damages, plus costs, expenses, and attorneys' fees, plus prejudgment interest, along with any other appropriate relief that this Court may determine is warranted.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in the above-captioned case.

Date:   April 26, 2021

                                    Respectfully submitted,

                                    /s/ Peter Martino

                                    _____
Peter Martino. Esq. (D.C. Bar #987832)
Alexei Silverman, Esq. (D.C. Bar #461286)
Honos Law PLLC
1101 Connecticut Ave., NW, Suite 450
Washington, DC 20036
Telephone:    (202) 753-5017
Facsimile:    (202) 280-1206
peter@honoslaw.com
alexei@honoslaw.com
*Attorneys for Plaintiff*